In the Matter of ROMAN WIDERMANN, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, Queens County, September 23, 1953.

*Roman Widermann*, petitioner in person.

*Robert H. Schaffer* for respondent.

COLDEN, J. Application, pursuant to article 78 of the Civil Practice Act, for an order reviewing and annulling the determination of the respondent as State Rent Administrator.

Petitioner is the tenant of a three-room apartment on the third floor of a three-family dwelling at Rockaway Beach. He originally rented the apartment in March, 1942, at a monthly rental of $40. The registration filed with the housing authorities did not list painting as one of the services included in the rental. The tenant claims that such registration was erroneous and that the landlord has always painted the apartment from time to time as needed. In October, 1952, the tenant applied for a decrease in rent based on the landlord's failure to paint and shortly thereafter he also applied to have the registration corrected. On December 15, 1952, the local rent administrator issued an order determining that painting services were not included in the maximum rent. The tenant protested this order to the respondent, but his protest was denied and his subsequent review of that determination in this court, pursuant to article 78 of the Civil Practice Act, was dismissed on the merits. That determination must be regarded as the law of the case, to wit, that the landlord is not required to paint.

Subsequently because of violations filed by the building department, the landlord was compelled to paint the apartment himself and on February 24, 1953, he filed an application for an increase in rent. Said application was granted by the local rent administrator who issued an order increasing the rent $4.10 per month because of the increased service of painting. The tenant's protest from that order was denied by the respondent and it is that determination which the tenant here seeks to review.

The question presented is whether the landlord, upon assuming the additional obligation to paint, is entitled to an increase in the maximum rent. Respondent contends that the landlord is so entitled by virtue of subdivision 1 of section 33 of the State Rent and Eviction Regulations. So far as pertinent, said section reads as follows: "Section 33. *Grounds for increase of maximum rent.* * * * Any landlord may file an application to increase the maximum rent otherwise allowable, on forms prescribed by the Administrator, only on one or more of the following grounds: 1. *Increased service or facilities, substantial rehabilitation, major capital or other improvements.* The Administrator may grant an appropriate adjustment of a maximum rent where he finds that: a. the landlord and tenant by mutual voluntary written agreement, subject to the approval of the Administrator, agree to a substantial increase in dwelling space or an increase in the services, furniture, furnishings or equipment provided in the housing accommodations; or b. there has been since March 1, 1950 an increase in the rental value of the housing accommodations as a result of a substantial rehabilitation of the building or housing accommodations therein which materially adds to the value of the property or appreciably prolongs its life, excluding ordinary repairs, maintenance and replacements; or c. there has been since March 1, 1950 a major capital improvement required for the operation, preservation or maintenance of the structure; or d. there has been since March 1, 1950 in structures containing more than four housing accommodations, other improvements made with the express consent of the tenants in occupancy of at least 75 percent of the housing accommodations, provided, however, that no adjustment for any individual housing accommodation shall exceed 15 percent of the maximum rent prescribed on the date the order is issued under this subparagraph unless the tenant has agreed to a higher percentage of increase."

It is apparent at a glance that subdivision a is inapplicable because it depends on the existence of a "mutual voluntary

written agreement '' which we do not have here. Similarly, subdivision d is inapplicable since it applies solely to structures containing more than four housing accommodations. Respondent contends, however, that the order under review is justified by subdivisions b and c. Subdivision b permits an increase where there has been '' a substantial rehabilitation of the building * * * excluding ordinary repairs, maintenance and replacements; ''. The triennial or quadrennial painting of an apartment certainly cannot constitute a substantial rehabilitation; rather it comes under the heading of ordinary repairs or maintenance which are specifically excluded as a ground for an increase in rent. Neither can the order under review be considered '' a major capital improvement '' as those words are understood in ordinary parlance. It, therefore, appears that there is no basis in the regulations for the order increasing the tenant's rent. While the landlord is apparently under no obligation to paint, he cannot, by assuming such additional obligation, impose an added liability upon the tenant unless there is a mutual voluntary written agreement or unless the obligation assumed by the landlord constitutes a rehabilitation or major capital improvement.

It follows that respondent's order must be annulled. Settle order.